IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KIRELL TAYLOR                                                       PLAINTIFF

                v.                       Civil No. 11-3128

MIDNIGHT EXPRESS BOOKS;
and LINDA HUDDLESTON                                           DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Kirell Taylor, an inmate of the California Correctional Institution, Tehachapi, California, brings this *pro se* civil action. Taylor's complaint was filed *in forma pauperis* (IFP). The case is before me for preservice screening pursuant to the Prison Litigation Reform Act.

### I. Background

According to the allegations of the complaint, Taylor's wife, Lori A. Williams, paid over $500 to Linda Huddleston at Midnight Express Books for self-publication of Taylor's biography entitled: "The Rawest Manipulator--Broken Silence to 9/11." The book was e-mailed to Defendants.

In a series of letters between Taylor and Defendants, Defendants denied that they had received payment to publish the book but did acknowledge they had received the book. The parties then attempted to come to an agreement regarding the cost of printing the book and the sales price of the book. Eventually, Defendants quoted a price of $293 for their services and the parties agreed to a sales price of $14.95.

The relationship between the parties broke down and on July 6, 2011, Defendants mailed Plaintiff a letter stating they were not interested in producing his book. If Plaintiff did not provide them an address to ship the manuscript to by August 31st, Defendants indicated they would destroy the manuscript.

In August of 2011, Defendants contact the facility Plaintiff was assigned to. Plaintiff was instructed not to contact the Defendants or he would be subject to punitive sanctions. Plaintiff alleges Defendants failed to return his manuscript and CD containing a complete digital version of his manuscript. Plaintiff maintains this Defendants' conduct constitutes a breach of contract and conversion. He seeks monetary damages in the amount of three million dollars and the return of his property

## II. Discussion

As part of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee albeit in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failing to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

Since the filing of the instant action, it has come to the Court's attention that Taylor has at least three previous actions that qualify as strikes against him under section 1915(g). *See e.g., Taylor*

*v. Tehachapi State Prison*, Civil No. 2:94-cv-04223 (C.D. CA; dismissed as frivolous on June 23, 1994); *Taylor v. USA, et al.,* Civil No. 2:02-cv-05071(C.D. CA; dismissed as frivolous on February 19, 2003); *Taylor (a/k/a Kirell Francis Bettis) v. Paulson, et al.,* Civil No. 2:09-cv-01544 (C.D. CA; dismissed as frivolous on April 13, 2009). In addition, Taylor has had at least one case dismissed based on the three strikes provision, *Taylor v. Garofalo, et al.,* Civil No. 2:11-cv-05742 (C.D. CA; dismissed on July 27, 2011),

Taylor has not alleged any facts to indicate that he is under imminent danger of serious physical injury. *Cf. Ashley v. Dilworth,* 147 F.3d 715, 717 (8th Cir. 1998) (finding allegations of ongoing danger sufficient where prisoner specified two incidents where he had suffered harm and allegations were supported by documentary evidence, including corroborative prisoner disciplinary reports). Therefore, Taylor is not eligible for IFP status.

### III. Conclusion

Accordingly, I recommend that Taylor's IFP status (Doc. 8) be revoked and that this action be dismissed without prejudice to Taylor's right to re-open it with payment of the appropriate filing fee. *See Witzke v. Hiller,* 966 F. Supp. 538, 540 (E.D. Mich. 1997) (revoking IFP status under section 1915(g) and dismissing action without prejudice to inmate's right to re-file it upon payment of filing fee). Taylor should be instructed to file a motion to reopen the action upon payment to the United States District Clerk of the proper filing fee.

It should be noted that, in the event that Taylor tenders the filing fee, he will also be responsible for other costs associated with this action, such as costs of service and fees for the issuance of any requested subpoenas. In addition, Taylor is precluded from filing any future civil action IFP unless he is under imminent danger of serious physical injury. It is therefore recommended that the following order be entered:

   The clerk of this court is directed to provisionally file any new action in which Kirell Taylor seeks to proceed IFP.  The magistrate judge shall then review the action and, if it is a civil action, rather than a criminal or habeas one, and, if Taylor has not asserted a valid claim that he is under imminent danger of serious physical injury, the magistrate judge shall recommend that IFP status be denied.

**Taylor has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Taylor is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

   Dated this 13th day of March 2012.


             /s/ *J. Marschewski*
             HON. JAMES R. MARSCHEWSKI
             CHIEF UNITED STATES MAGISTRATE JUDGE